**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

COURTNEY GREEN,

    Plaintiff,

v.

SCRIPPS CORPORATE HEADQUARTERS/
SCRIPPS CENTER,

    Defendant.

Case No. 1:22-cv-10

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I.    Background**

On January 6, 2022, Plaintiff Courtney Green tendered a pro se complaint together with an application to proceed *in forma pauperis*.[1] Plaintiff identifies herself as a citizen of Missouri, and identifies the lone Defendant, "Scripps Corporate Headquarters/Scripps Center," as having its principal place of business in Ohio. (Doc. 1-1 at 3). By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review to determine whether Plaintiff's complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff tendered a second complaint against the same Defendant, along with a second motion for leave to proceed in forma pauperis, on the same day. *See* Case No. 1:22-cv-09. Both cases were assigned to the undersigned magistrate judge, but were randomly assigned to different district judges. For the reasons stated herein, the undersigned has filed a nearly identical identical Report and Recommendation and Order in the record of Case No. 1:22-cv-09.

§1915(e)(2)(B).

**II.    Analysis**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

2

94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the portion of the complaint form in which a plaintiff is asked to write "a short and plain statement of the claim," pursuant to Rule 8, Fed. R. Civ. P., Plaintiff has alleged:

> The defendant (Scripps Corporate Headquarters/Scripps Center) host a network to employees of it's an extended brand brand (Newsy) who participated in acts of Defamation of character, unfair business competition, phishing, outsourcing to collect personal information on/about plaintiff

3

> (Courtney Green) and invading on personal privacy through the use of public statues and media platform. The defendant (Scripps Corporate Headquarters) neglected to act/end this behavior.
> ….
>
> Offenses occurred on and through the dates of 09/17-12/19 of 2021. During various airings of Newsy Morning rush, Newsy Reports and Evening Debrief an extended brand of the defendant (Scripps Center). Employees conversed about financial status and other personal information implementing these findings through a series of daily stories, referring to the plaintiff as 4. Employees also used adjoining networks such as NBC to collect and exploit personal information. Jokingly stating The best way to deal with 4 is to stay ahead of it. Using resources overseas to promote unfair business competition and disruption in business practices. 11/15/2021 newsy tonight *interviewed Andrew yang and he hinted at a recent employment endeavors amongst other indirect comments.*

(Doc. 1-1 at 4) (capitalization, emphasis and punctuation original). As relief, Plaintiff seeks monetary damages in the amount of $200 million dollars. (*Id*.)

Plaintiff relies upon federal diversity jurisdiction. *See* 28 U.S.C. § 1332. On its face, the complaint arguably supports diversity jurisdiction insofar as Plaintiff alleges complete diversity between the parties and damages well in excess of $75,000. However, her complaint is subject to dismissal because it fails to contain sufficient factual allegations to state any claim that is plausible on its face.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed.R.Civ.P. 8(a). *See also Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir.2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Here, Plaintiff provides no facts at all concerning how Defendant allegedly defamed her, through what facts or in what manner, nor does she provide any factual allegations that would support an unfair competition claim or invasion of privacy under Ohio law. Essentially, Plaintiff's complaint offers only "'naked assertion[s]' devoid of 'further factual

4

enhancement." *Iqbal,* 556 U.S at 678 (quoting *Twombly,* 550 U.S. at 557).

### III. Conclusion and Recommendation

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

COURTNEY GREEN,

    Plaintiff,

v.

SCRIPPS CORPORATE HEADQUARTERS/
SCRIPPS CENTER,

    Defendant.

Case No. 1:22-cv-10

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).